# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

October 17, 2024

**VIA ECF**

Honorable Joan M. Azrack, United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

    Re:    ***Badr v. New York Institute of Technology, et al.,*** **24-cv-05333 (JMA)(JMW)**

Dear Judge Azrack:

This firm represents Defendant New York Institute of Technology[1] ("NYIT") in this action. Pursuant to Section IV(B) of Your Honor's Individual Rules, NYIT respectfully requests a pre-motion conference as it seeks leave to file a motion to dismiss Plaintiff's Complaint.

**I.**    **Summary of Plaintiff's Claims**

Plaintiff, a former medical student at NYIT's College of Osteopathic Medicine ("NYITCOM"), alleges that NYIT discriminated against her based on her national origin and religion of being a "practicing Muslim Egyptian American" when it dismissed her from NYITCOM's Émigré Physicians Program (the "Program") in March 2022 purportedly in violation of Title VI of the Civil Rights Act of 1964 ("Title VI"). Comp., ¶¶1-2, 25.

In the Complaint, Plaintiff alleges that she completed medical school in Egypt before she emigrated to the United States in 2010 and, as such, found it difficult to obtain a residency in the United States. *Id.* at ¶¶15-16. Plaintiff contends that she volunteered in clinics at Augusta University and the University of South Alabama (the "Southern Schools") for four years, but did not receive a residency. *Id.* at ¶17-19. Plaintiff obtained a residency at another institution in 2016, but was allegedly wrongfully dismissed after three months. *Id.* at ¶20.

Plaintiff applied to and was accepted into NYITCOM's Program in January 2018. *Id.* at ¶22-23. Despite allegedly completing her graduation requirements, Plaintiff was expelled from the Program two months prior to graduation. *Id.* at ¶24. Plaintiff alleges that NYIT's explanation for her expulsion was based on an "incident" during a clinical rotation at Catholic Health System that resulted in the hospital prohibiting her from the site, as well as her failure of her final clinical rotation at Cedar Sinai. *Id.* at ¶¶26, 48. Plaintiff argues that the discipline imposed by NYIT, first censure then expulsion, was "draconian" and "unjustified," which "confirmed the conspiracy orchestrated by the ACGME on the plaintiff['s] expulsion." *Id.* at ¶¶ 48-49, 51, 57.

---

[1] NYIT's College of Osteopathic Medicine, incorrectly named here in as "NYIT-COM College of Osteopathic Medicine," is a college within NYIT and is not a separate legal entity.

**CLIFTON BUDD & DEMARIA, LLP**

Hon. Joan M. Azrack, U.S.D.J.
October 17, 2024
Page 2

Plaintiff also alleges that NYIT wrongfully accused Plaintiff of failing to disclose her dismissal from her prior residency on her NYITCOM application. *Id*. at ¶¶62-74.

The overarching theme of the Complaint is that the Southern Schools and the Accreditation Council for Graduate Medical Education ("ACGME") are in concert and somehow convinced NYIT to expel her from the Program to deprive her from obtaining a residency. Specifically, Plaintiff alleges her belief that "ACGME exerted influence with NYITCOM to expel her in retaliation for rejoining medical school" after she suffered discrimination in the Southern Schools. *Id*. at ¶¶27, 33-34, 39. She "reached this conclusion" because: (1) the Southern Schools denied her a residency because of being an international medical graduate; and (2) she was expelled from the Program due to "unprofessionalism" after she failed her clinical rotation, which is what Dr. Paul Browne, a faculty member at Augusta University, informed Plaintiff would happen, indicating a "collusion in conspiracy." *Id*. at ¶¶22, 27-28, 45.

## II.     Plaintiff's Title VI Claims Should Be Dismissed[2]

Plaintiff's claims of national origin and religious discrimination under Title VI should be dismissed for failure to state a claim. In order to defeat a Rule 12(b)(6) motion to dismiss under Title VI, Plaintiff must allege in the Complaint, "at a minimum, 'nonconclusory factual matter' sufficient to 'nudge' the claim 'across the line from conceivable to plausible.'" *Algarin v. NYC Health + Hospitals Corp.*, 678 F.Supp.3d 497, 508 (S.D.N.Y. 2023)(citations omitted). Plaintiff fails to do so as she merely speculates that her dismissal from the Program was attributable to discriminatory animus based on her national origin and religion or retaliatory animus concerning her alleged complaints about the Southern Schools and ACGME. *See DeLeon v. Teamsters Local 802, LLC*, 2021 WL 1193191, *12 (E.D.N.Y. March 29, 2021).

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d. "To state a claim for a violation of Title VI, a plaintiff must show, through specific factual allegations, that (1) the defendant discriminated on a prohibited basis; (2) the discrimination was intentional; and (3) the discrimination was a substantial and motivating factor for the defendant's action." *Walker v. Mirbourne NPN LLC*, 2023 WL 11867001, at *10 (E.D.N.Y. February 27, 2023)(citing *Biswas v. City of New York*, 973 F.Supp.2d 504, 531 (S.D.N.Y. 2013) and *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001)).

At the outset, Plaintiff's religious discrimination claims under Title VI should be dismissed as "Title VI does not, by its terms, proscribe religious discrimination…" *Kajoshaj v. New York City Dept. of Educ*., 543 Fed. Appx. 11, n.2 (2d Cir. 2013). Rather, Title VI prohibits "race, color, or national origin" discrimination. 42 U.S.C.A. §2000d.

---

[2] Plaintiff asserts claims under Title VI "and any other cause(s) of action that can be inferred from the facts set forth herein." Compl., ¶1. Pursuant to Fed. R. Civ. P. 8(a), Plaintiff is required to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, the Rules do not permit this broad "catchall" alleged by Plaintiff. NYIT should not have to speculate as to the claims that Plaintiff is asserting against it.

**CLIFTON BUDD & DEMARIA, LLP**

Hon. Joan M. Azrack, U.S.D.J.
October 17, 2024
Page 3

Even if the Court concludes that all of Plaintiff's claims fall within the purview of Title VI, Plaintiff still fails to state a plausible claim of national origin and religious discrimination to survive a motion to dismiss. The U.S. Supreme Court has made clear that "Title VI itself directly reach[es] only instances of intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001)(citation omitted). Plaintiff has pleaded absolutely no factual allegations to support a plausible claim that NYIT or any of the alleged decisionmakers harbored any national origin or religious bias to establish a plausible claim that NYIT intentionally discriminated against her because of her Egyptian national origin or Muslim religion when it dismissed Plaintiff from the Program. *See Vengalattore v. Cornell University*, 36 F.4th 87, 109-111 (2d Cir. 2022). For instance, Plaintiff does not allege any derogatory or discriminatory comments made by any NYIT employees from which to infer bias. *See Kajoshaj*, 543 Fed.Appx. at 14.

While Plaintiff makes blanket, conclusory assertions that NYIT "demonstrated [a] pattern of discriminating against the Muslim middle eastern medical students who sought surgical specialties," as well as treated Plaintiff less favorably than another unidentified student who allegedly failed his or her rotations, Plaintiff fails to allege any factual details as to the alleged disparate treatment and whether the students were similarly situated. Compl., ¶¶45, 48-51, 57, 62. Such naked allegations are insufficient to state a plausible claim of Title VI discrimination. *See Vengalattore*, 36 F.4th at 110.

Ultimately, the Complaint mostly concerns Plaintiff's alleged discriminatory treatment by the Southern Schools and ACGME's alleged cover-up of the mistreatment, none of whom are parties to this case. NYIT is wholly unrelated to the Southern Schools and, as Plaintiff concedes, ACGME has "no direct oversight on medical schools" and, thus, could not have directed NYIT to retaliate against Plaintiff for her complaints about discriminatory treatment by other unrelated institutions. Compl., ¶31. As the allegations in the Complaint provide "no basis for a plausible inference" that NYIT's alleged bias against Muslims and Egyptians was a factor in NYIT's decision to dismiss Plaintiff from the Program, the Complaint should be dismissed. *See Vengalattore*, 36 F.4th at 110. Based upon the foregoing reasons and other reasons that may be included in NYIT's motion, NYIT respectfully requests leave to file a motion to dismiss the Complaint. Thank you for Your Honor's consideration of NYIT's request.

Respectfully Submitted,
CLIFTON BUDD & DeMARIA, LLP
*Counsel for NYIT*

By: _____
Douglas P. Catalano
Stefanie R. Toren

cc:   Stewart Lee Karlin, Esq.