UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
MARWA BADR,

                      Plaintiff,

      v.

NEW YORK INSTITUTE OF TECHNOLOGY, NYIT-COM
COLLEGE OF OSTEOPATHIC MEDICINE,

                      Defendant.
-------------------------------------------------------------------------------x

Case No. 2:24-cv-05333 (JMA)(JMW)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY PENDING A DECISION ON ITS MOTION TO DISMISS**

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendant*
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, New York 10118
(212) 687-7410 (tel)
(212) 687-3285 (fax)

**Counsel**:
Douglas P. Catalano
Stefanie R. Toren

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................................ 1

PROCEDURAL HISTORY ................................................................................................................. 1

    I.    NYIT's Motion to Dismiss is to be Served on or Before April 25, 2025 ........................... 1

    II.   The Allegations in the Amended Complaint ...................................................................... 2

ARGUMENT........................................................................................................................................ 3

    I.    NYIT's Motion Will Most Likely Result in Dismissal of the Complaint ........................... 4

    II.   The Expected Discovery Burdens NYIT and is Likely Unnecessary................................. 7

    III.    Plaintiff Will Suffer No Meaningful Prejudice From a Limited Stay ........................... 7

CONCLUSION .................................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alexander v. Sandoval*,
   532 U.S. 275 (2001) .............................................................................................................. 5
*Algarin v. NYC Health + Hospitals Corp.*,
   678 F.Supp.3d 497 (S.D.N.Y. 2023) ..................................................................................... 4
*Biswas v. City of New York*,
   973 F.Supp.2d 504 (S.D.N.Y. 2013) ..................................................................................... 5
*Chesney v. Valley Stream Union Free Sch. Dist. No. 24*,
   236 F.R.D. 113 (E.D.N.Y. 2006) .......................................................................................... 4
*DeLeon v. Teamsters Local 802, LLC*,
   2021 WL 1193191 (E.D.N.Y. March 29, 2021) .................................................................... 5
*Kajoshaj v. New York City Dept. of Educ.*,
   543 Fed. Appx. 11 (2d Cir. 2013) ..................................................................................... 5, 6
*Main St. Legal Servs. v. NCS*,
   811 F.3d 542 (2d Cir. 2016) .................................................................................................. 7
*O'Sullivan v. Deutsche Bank AG*,
   No. 1:17-cv-8709(LTS)(GWG), 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018) .................... 8
*Rivera v. Heyman*,
   No. 96 Civ. 4489, 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997) .............................................. 8
*Shulman v. Becker & Poliakoff, LLP*,
   No. 1:17-cv-9330(VM)(JLC), 2018 WL 4938808 (S.D.N.Y. Oct. 11, 2018) ....................... 8
*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,
   206 F.R.D. 367 (S.D.N.Y. 2002) ................................................................................... 3, 7, 8
*Spinelli v. National Football League*,
   2015 WL 7302266 (S.D.N.Y. Nov. 17, 2015) ............................................................... 4, 7, 8
*Tolbert v. Queens Coll.*,
   242 F.3d 58 (2d Cir. 2001) .................................................................................................... 5
*Valentini v. Grp. Health Inc.*,
   No. 1:20-cv-9526 (JPC), 2021 WL 861275 (S.D.N.Y. Mar. 8, 2021) ................................... 4
*Vengalattore v. Cornell University*,
   36 F.4th 87 (2d Cir. 2022) ................................................................................................. 6, 7
*Walker v. Mirbourne NPN LLC*,
   2023 WL 11867001 (E.D.N.Y. February 27, 2023) .............................................................. 5

**STATUTES**

42 U.S.C.A. § 2000d ..................................................................................................................... 5

**RULES**

FED. R. CIV. P. 26(c) ................................................................................................................. 3

## PRELIMINARY STATEMENT

Defendant New York Institute of Technology[1] ("NYIT") respectfully submits this memorandum of law in support of its motion seeking a stay of discovery pending a decision on NYIT's motion to dismiss to be served on or before April 25, 2025. NYIT intends to raise arguments that cast serious doubt on the viability of Plaintiff's claims. Even if the motion does not end the litigation, a decision on the motion may also narrow the scope of discovery. In contrast, the short stay pending a decision on NYIT's anticipated motion to dismiss will not prejudice Plaintiff. Weighing these factors, NYIT respectfully submits that a stay is warranted.

## PROCEDURAL HISTORY

### I. NYIT's Motion to Dismiss is to be Served on or Before April 25, 2025

Plaintiff, a former medical student at NYIT's College of Osteopathic Medicine ("NYITCOM"), commenced an action against NYIT on or about July 30, 2024. (*See* Dkt. 1). On October 17, 2024, NYIT filed a letter addressed to the Honorable Joan M. Azrack in which NYIT requested a pre-motion conference as it sought permission to file a motion to dismiss the Complaint. (*See* Dkt. 9). On October 22, 2024, Plaintiff sought permission to amend the Complaint, which the Court granted. (*See* Dkt. 12). Prior to Plaintiff's deadline to file an Amended Complaint, an Initial Conference was held before Your Honor on November 13, 2024. (*See* Dkt. 15). That day, Your Honor issued a Scheduling Order setting a deadline of May 30, 2025 to complete fact discovery. (*See* Dkt. 15).

---

[1] NYIT's College of Osteopathic Medicine, incorrectly named here in as "NYIT-COM College of Osteopathic Medicine," is a college within NYIT and is not a separate legal entity.

On November 22, 2024, Plaintiff filed an Amended Complaint. (*See* Dkt. 18). On December 12, 2024, NYIT wrote to Judge Azrack and requested a pre-motion conference as it sought permission to file a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim. (*See* Dkt. 20). Plaintiff filed her letter in response on December 26, 2024. (*See* Dkt. 22). Three months later, on March 14, 2025, Judge Azrack issued an Order setting a pre-motion conference for April 2, 2025. On April 1, 2025, Judge Azrack issued an Order cancelling the pre-motion conference on April 2, 2025. The Court then set a briefing schedule for NYIT's anticipated motion to dismiss which set the following schedule: (1) NYIT's deadline to serve its motion is on or before April 25, 2025; (2) Plaintiff's deadline to serve any opposition is on or before May 9, 2025; (3) NYIT is to serve any reply on before May 20, 2025; and (4) NYIT is to electronically file the motion papers on May 21, 2025. Thus, the motion will not be before the Court for consideration until May 21, 2025, nine days before the current deadline to complete fact discovery.

## II. The Allegations in the Amended Complaint

In the Amended Complaint, Plaintiff alleges that NYIT discriminated against her based on her national origin and religion of being a "practicing Muslim Egyptian American" when it dismissed her from NYITCOM's Émigré Physicians Program (the "Program") in March 2022 purportedly in violation of Title VI of the Civil Rights Act of 1964 ("Title VI"). Am. Comp., ¶¶1-2, 25. Specifically, Plaintiff alleges that she completed medical school in Egypt before she emigrated to the United States in 2010 and, as such, found it difficult to obtain a residency in the United States. *Id*. at ¶¶16-17. Plaintiff contends that she volunteered in clinics at Augusta University and the University of South Alabama (the "Southern Schools") for four years, but did not receive a residency. *Id*. at ¶¶17-19. Plaintiff obtained a residency at another institution in 2016, but was allegedly wrongfully dismissed after three months. *Id*. at ¶20.

2

Plaintiff alleges that she applied to and was accepted into NYITCOM's Program in January 2018. *Id*. at ¶12. Despite allegedly completing her graduation requirements, Plaintiff was expelled from the Program two months prior to graduation. *Id*. at ¶13. Plaintiff alleges that NYIT's explanation for her expulsion was based on an "incident" during a clinical rotation at Catholic Health System that resulted in the hospital prohibiting her from the site, as well as her failure of her final clinical rotation at Cedar Sinai. *Id*. at ¶27. Plaintiff argues that the discipline imposed by NYIT, first censure then expulsion, was "draconian" and "unjustified," which confirmed "the conspiracy orchestrated by the ACGME regarding the Plaintiff's expulsion." *Id*. at ¶¶ 68, 69, 81. Plaintiff also alleges that NYIT wrongfully accused Plaintiff of failing to disclose her dismissal from her prior residency on her NYITCOM application. *Id*. at ¶¶86-101.

The overarching theme of the Amended Complaint is that the Southern Schools and the Accreditation Council for Graduate Medical Education ("ACGME") are in concert and somehow convinced NYIT to expel her from the Program to deprive her from obtaining a residency. Specifically, Plaintiff alleges her belief that "ACGME exerted influence with NYITCOM to expel her in retaliation for rejoining medical school" after she suffered discrimination in the Southern Schools. *Id*. at ¶¶28-35, 40. She "reached this conclusion" because: (1) the Southern Schools denied her a residency because of being an international medical graduate; and (2) she was expelled from the Program due to "unprofessionalism" after she failed her clinical rotation, which is what Dr. Paul Browne, a faculty member at Augusta University, informed Plaintiff would happen, indicating a "collusion in conspiracy." *Id*.

**ARGUMENT**

NYIT has strong grounds for seeking dismissal of the Amended Complaint and anticipates a fully dispositive motion. Pursuant to FED. R. CIV. P. 26(c), a court has broad discretion to stay discovery "for good cause shown." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,

206 F.R.D. 367, 368 (S.D.N.Y. 2002). In evaluating whether to stay discovery due to a pending motion to dismiss, Courts consider: (1) whether the movant has made a strong showing that the non-movant's claims are unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Here, each factor weighs in favor of a stay.

## I. NYIT's Motion Will Most Likely Result in Dismissal of the Complaint

Here, while neither party has yet briefed NYIT's motion to dismiss, a Court should still exercise its discretion to impose a stay where a movant raises arguments that are "potentially dispositive, and [appear] to be not unfounded in the law." *Valentini v. Grp. Health Inc.*, No. 1:20-cv-9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021); *accord Spinelli v. National Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (a stay warranted where "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motion[] to dismiss"). NYIT has strong, potentially dispositive arguments that cast serious doubt on the viability of most, if not all, of Plaintiff's claims. While NYIT will set forth more detailed arguments when it serves its motion to dismiss on or before April 25, 2025, a summary of NYIT's anticipated arguments is below.

NYIT contends that Plaintiff's claims of national origin and religious discrimination under Title VI should be dismissed for failure to state a claim. In order to defeat a Rule 12(b)(6) motion to dismiss under Title VI, Plaintiff must allege in the Amended Complaint, "at a minimum, 'nonconclusory factual matter' sufficient to 'nudge' the claim 'across the line from conceivable to plausible.'" *Algarin v. NYC Health + Hospitals Corp.*, 678 F.Supp.3d 497, 508 (S.D.N.Y. 2023)(citations omitted). Plaintiff fails to do so as she merely speculates that her dismissal from the Program was attributable to discriminatory animus based on her national origin and religion or

retaliatory animus concerning her alleged complaints about the Southern Schools and ACGME. *See DeLeon v. Teamsters Local 802, LLC*, 2021 WL 1193191, *12 (E.D.N.Y. March 29, 2021).

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d. "To state a claim for a violation of Title VI, a plaintiff must show, through specific factual allegations, that (1) the defendant discriminated on a prohibited basis; (2) the discrimination was intentional; and (3) the discrimination was a substantial and motivating factor for the defendant's action." *Walker v. Mirbourne NPN LLC*, 2023 WL 11867001, at *10 (E.D.N.Y. February 27, 2023)(citing *Biswas v. City of New York*, 973 F.Supp.2d 504, 531 (S.D.N.Y. 2013)) and *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001)).

First, NYIT contends that Plaintiff's claim that she was discriminated against based on her Muslim religion should be dismissed as "Title VI does not, by its terms, proscribe religious discrimination…" *Kajoshaj v. New York City Dept. of Educ.*, 543 Fed. Appx. 11, n.2 (2d Cir. 2013). Rather, Title VI prohibits "race, color, or national origin" discrimination. 42 U.S.C.A. §2000d.

Even if the Court concludes that all of Plaintiff's claims fall within the purview of Title VI, Plaintiff still fails to state a plausible claim of national origin and religious discrimination. The U.S. Supreme Court has made clear that "Title VI itself directly reach[es] only instances of intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001)(citation omitted). Plaintiff has pleaded absolutely no factual allegations to support a plausible claim that NYIT or any of the alleged decisionmakers harbored any national origin or religious bias to establish a plausible claim that NYIT intentionally discriminated against her because of her Egyptian national

5

origin or Muslim religion when it dismissed Plaintiff from the Program. *See Vengalattore v. Cornell University*, 36 F.4th 87, 109-111 (2d Cir. 2022). For instance, Plaintiff does not allege any derogatory or discriminatory comments made by any NYIT decisionmakers from which to infer bias. *See Kajoshaj*, 543 Fed.Appx. at 14. Although Plaintiff added to the Amended Complaint an allegation that an alleged faculty member after Plaintiff's expulsion told Plaintiff "Return to "Egypt" where you came from," Plaintiff does not allege that this alleged faculty member had anything to do with her dismissal from the Program. Am. Compl., ¶104.

While Plaintiff makes blanket, conclusory assertions that NYIT "demonstrated [a] pattern of discriminating against the Muslim middle eastern medical students who sought surgical specialties," as well as treated Plaintiff less favorably than another unidentified student who allegedly failed his or her rotations, Plaintiff fails to allege any factual details as to the alleged disparate treatment and whether the students were similarly situated, such as that the students also had significant issues with two clinical clerkship sites, similar to Plaintiff, and were not dismissed from the Program. Am. Compl., ¶¶47, 50-53, 81, 82.  Such naked allegations are insufficient to state a plausible claim of Title VI discrimination. *See Vengalattore*, 36 F.4th at 110.

Ultimately, the Amended Complaint mostly concerns Plaintiff's alleged discriminatory treatment by the Southern Schools and ACGME's alleged cover-up of the mistreatment, none of which are parties to this case. NYIT is wholly unrelated to the Southern Schools and, as Plaintiff concedes, ACGME has "no direct oversight on medical schools" and, thus, could not have directed NYIT to retaliate against Plaintiff for her complaints about discriminatory treatment by other unrelated institutions. Am. Compl., ¶32. As the allegations in the Amended Complaint provide "no basis for a plausible inference" that NYIT's alleged bias against Muslims and Egyptians was a factor in NYIT's decision to dismiss Plaintiff from the Program, NYIT contends that the

6

Amended Complaint should be dismissed. *See Vengalattore*, 36 F.4th at 110. Thus, the first factor favors a stay of discovery.

### II. The Expected Discovery Burdens NYIT and is Likely Unnecessary

In a proceeding of this type, the parties do not share discovery burdens equally. Most evidence likely to be relevant to Plaintiff's claims of liability and NYIT's defenses is within the custody of NYIT or its agents. Responding to Plaintiff's discovery demands and participating in depositions, while NYIT has a pending motion to dismiss that could obviate the need for discovery, will require NYIT to incur substantial legal fees and expend a significant amount of time reviewing records responsive to discovery demands and preparing for depositions. Given this reality, there can be no question that NYIT will be burdened, likely unnecessarily, should discovery proceed simultaneously with motion briefing and while the Court considers NYIT's motion. *See Spencer Trask*, 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."). Further, deciding the motion is likely to either obviate, or narrow, the scope of discovery. *See Spinelli*, 2015 WL 7302266, at *2 ("a stay may also […] simplify[] and shorten[] discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims […] established as potentially viable."). Finally, permitting discovery to go forward where a motion to dismiss is forthcoming and this Court has not yet evaluated whether claims are viably stated or barred on other grounds, is enormously prejudicial to NYIT and subverts the well-established premise that a defendant should not be subjected to the cost and burden of discovery unless a plaintiff has demonstrated a right to relief. *See Main St. Legal Servs. v. NCS*, 811 F.3d 542, 567 (2d Cir. 2016). Thus, the second factor strongly favors a stay of discovery.

### III. Plaintiff Will Suffer No Meaningful Prejudice From a Limited Stay

Plaintiff will suffer no meaningful prejudice should the Court grant NYIT's motion to stay

7

discovery pending a decision on NYIT's motion to dismiss. Courts have held that "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli*, 2015 WL 7302266 at *2 (quoting *Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D. at 368 and *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)). Because some delay is inherent in any stay, the "passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery […] [o]therwise, stays of discovery would never be granted." *O'Sullivan v. Deutsche Bank AG*, No. 1:17-cv-8709(LTS)(GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018). This is particularly true here, where Plaintiff commenced this action over two years after she was dismissed from the Program. *See* Am. Comp., ¶¶1-2, 25. This action is also in the early stages. Courts have found no prejudice to plaintiffs from a stay of discovery even where proceedings were significantly further advanced. *See Spinelli*, 2015 WL 7302266, at *2 (no undue prejudice in a nearly two-year old case); *Shulman v. Becker & Poliakoff, LLP*, No. 1:17-cv-9330(VM)(JLC), 2018 WL 4938808, at *4 (S.D.N.Y. Oct. 11, 2018) (no prejudice where case was "not even a year old"). Plaintiff's decision to wait to file her action over two years after her dismissal from the Program proves that there is no genuine urgency in seeking discovery, and a delay will not prejudice her. Thus, the third factor strongly weighs in favor of a stay.

As the three factors each weigh in favor of a stay, NYIT respectfully submits that the Court should grant a motion to stay discovery pending a decision on NYIT's motion to dismiss.

## CONCLUSION

For the reasons set forth herein, NYIT respectfully requests that this Court stay all discovery pending a final determination on NYIT's motion to dismiss, and award NYIT such other relief as this Court deems just and proper.

Respectfully Submitted,
CLIFTON BUDD & DeMARIA, LLP
*Counsel for NYIT*

By: _____
     Douglas P. Catalano
     Stefanie R. Toren