UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARWA BADR,

                               Plaintiff,

                        v.                       Civil Action No. 24-cv-05333 (JMA)(JMW)

NEW YORK INSTITUTE OF TECHNOLOGY,
NYIT-COM COLLEGE OF OSTEOPATHIC
MEDICINE,

                               Defendant.
------------------------------------------------------------------------x

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendant*
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, New York 10118
(212) 687-7410 (tel)
(212) 687-3285 (fax)

**Counsel**:
Douglas P. Catalano
Stefanie R. Toren

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 2

    I.    PLAINTIFF'S CLAIMS OF RELIGIOUS AND NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VI SHOULD BE DISMISSED ........................ 2

        A.    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT NYIT INTENTIONALLY DISCRIMINATED AGAINST HER............................... 2

        B.    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT ANY ALLEGED DISCRIMINATION WAS A SUBSTANTIAL AND MOTIVATING FACTOR IN NYIT'S DECISION TO DISMISS PLAINTIFF ....................................................................................... 6

    II.    PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED ......................... 7

        A.    PLAINTIFF DOES NOT ASSERT A RETALIATION CLAIM IN THE COMPLAINT ....................................................................... 7

        B.    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF RETALIATION UNDER TITLE VI .................................................................. 8

CONCLUSION ...................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)

Other Authorities

*Algarin v. NYC Health + Hospitals Corp.*,
  678 F.Supp.3d 497 (S.D.N.Y. 2023) ................................................................................ 6
*Annabi v. New York University*,
  2024 WL 4252062 (S.D.N.Y. September 20, 2024) .................................................... 3, 4
*Biswas v. City of New York*,
  973 F.Supp.2d 504 (S.D.N.Y. 2013) ............................................................................... 3
*Bloomberg v. New York City Department of Education*,
  410 F.Supp.3d 608 (S.D.N.Y. 2019) ............................................................................... 8
*DeLeon v. Teamsters Local 802, LLC*,
  2021 WL 1193191 (E.D.N.Y. March 29, 2021) ............................................................. 2
*Diaz v. City Univ. of New York*,
  No. 15 Civ 1319 (PAC) (MHD), 2016 WL 958684 (S.D.N.Y. Mar. 8, 2016) ............ 8, 9
*E.E.O.C. v. Port Auth. of N.Y. & N.J.*,
  768 F.3d 247 (2d Cir. 2014) ............................................................................................ 6
*Johnson v. City of Shelby, Miss.*,
  574 U.S. 10 (2014) .......................................................................................................... 8
*Kajoshaj v. New York City Dept. of Educ.*,
  543 Fed. Appx. 11 (2d Cir. 2013) ........................................................................... passim
*Manolov v. Borough of Manhattan Community College*,
  952 F.Supp.2d 522 (S.D.N.Y. 2013) ........................................................................... 4, 5
*Mohamed v. Irving Independent School District*,
  300 F.Supp.3d 857 (N.D. Tex. 2018) .............................................................................. 2
*Noakes v. Syracuse University*,
  369 F.Supp.3d 397 (N.D.N.Y. 2019) .............................................................................. 4
*Tolbert v. Queens Coll.*,
  242 F.3d 58 (2d Cir. 2001) .............................................................................................. 3
*Vengalattore v. Cornell University*,
  36 F.4th 87 (2d Cir. 2022) ...................................................................................... 2, 4, 7
*Verdi v. City of New York*,
  306 F.Supp.3d 532 (S.D.N.Y. 2018) ........................................................................ 9, 10
*Walker v. Mirbourne NPN LLC*,
  2023 WL 11867001 (E.D.N.Y. February 27, 2023) ....................................................... 3
*Yang v. Ardizzone*,
  540 F.Supp.3d 372 (W.D.N.Y. 2021) ............................................................................. 4

## **RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1
Fed. Rule Civ. Proc. 8(a)(2) ................................................................................................. 7

**PRELIMINARY STATEMENT**

Defendant New York Institute of Technology ("NYIT")[1] respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Corrected Amended Complaint (the "Complaint") with prejudice. Plaintiff Marwa Badr ("Plaintiff"), a former medical student at NYIT's College of Osteopathic Medicine ("NYITCOM"), alleges that NYIT discriminated against her based on her national origin and religion of being a "practicing Muslim Egyptian American" when it dismissed her from NYITCOM's Émigré Physicians Program (the "Program") in March 2022 purportedly in violation of Title VI of the Civil Rights Act of 1964 ("Title VI"). Am. Comp., ¶¶1-2, 25. For the reasons set forth in NYIT's moving papers and herein, Plaintiff's Complaint should be dismissed as she fails to state a plausible claim of religious or national origin discrimination or retaliation under Title VI.

Significantly, nowhere within the Complaint does Plaintiff allege any facts to support a claim that NYIT discriminated against her based on her national origin and religion. Plaintiff does not allege that anyone at NYIT made derogatory remarks based on her national origin and religion or allege any specific facts that NYIT treated similarly situated students of a different national origin or religion more favorably. The Complaint merely consists of conclusory and speculative assertions that NYIT engaged in disparate treatment and harbored bias when it dismissed her from the Program for failing a clinical clerkship at another hospital for professionalism and performance issues after having been censured by NYIT for engaging in similar professionalism and other issues at a prior clinical clerkship. Moreover, Plaintiff's allegation that NYIT dismissed her from the Program as a "cover up for the discriminatory practices in southern universities" against international medical graduates sets forth a conspiracy theory

---

[1] NYIT's College of Osteopathic Medicine, incorrectly named herein as "NYIT-COM College of Osteopathic Medicine," is a college within NYIT and is not a separate legal entity.

(involving institutions completely unrelated to NYIT), and not unlawful discrimination and retaliation under Title VI. Plaintiff's failure to state a claim under Title VI requires dismissal of the Complaint.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS OF RELIGIOUS AND NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VI SHOULD BE DISMISSED

Plaintiff fails to state a plausible claim of national origin and religious[2] discrimination as the Complaint merely contains blanket, conclusory assertions that Plaintiff's dismissal from the Program was attributable to discriminatory animus based on her national origin and religion. *See DeLeon v. Teamsters Local 802, LLC*, 2021 WL 1193191, *12 (E.D.N.Y. March 29, 2021). Plaintiff has pleaded absolutely no factual allegations to support a plausible claim that NYIT or any of the alleged decisionmakers harbored any national origin or religious bias to establish a plausible claim that NYIT intentionally discriminated against her because of her Egyptian national origin or Muslim religion when it dismissed Plaintiff from the Program requiring dismissal of Plaintiff's discrimination claims. *See Vengalattore v. Cornell University*, 36 F.4th 87, 109-111 (2d Cir. 2022).

#### A. PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT NYIT INTENTIONALLY DISCRIMINATED AGAINST HER

The parties do not dispute the standard to state a claim under Title VI: "a plaintiff must show, through specific factual allegations, that (1) the defendant discriminated on a prohibited basis; (2) the discrimination was intentional; and (3) the discrimination was a substantial and motivating factor for the defendant's action." *Walker v. Mirbourne NPN LLC*, 2023 WL 11867001, at *10 (E.D.N.Y. February

---

[2] As noted in NYIT's moving papers, "Title VI does not, by its terms, proscribe religious discrimination…" *Kajoshaj v. New York City Dept. of Educ.*, 543 Fed. Appx. 11, n.2 (2d Cir. 2013); *see also Mohamed v. Irving Independent School District*, 300 F.Supp.3d 857, 895 (N.D. Tex. 2018). While Plaintiff argues that unidentified federal agencies interpret Title VI to include religious discrimination without any legal support, it cannot be disputed that Islam is Plaintiff's alleged religion and not her national origin or race. Although one may reasonably infer that someone from Egypt identifies as being Muslim, the same cannot be said about someone who is Muslim also being from Egypt.

27, 2023)(citing *Biswas v. City of New York*, 973 F.Supp.2d 504, 531 (S.D.N.Y. 2013)) and *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001)); *see Kajoshaj*, 543 Fed. Appx. at 13. In order to survive a motion to dismiss, Plaintiff must "do more than recite conclusory assertions." *Annabi v. New York University*, 2024 WL 4252062, *6 (S.D.N.Y. September 20, 2024)(citation omitted). Plaintiff "must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of [national origin-based] discriminatory intent." *Id*.

Plaintiff first argues that she has plausibly alleged intentional national origin and religious discrimination as "Plaintiff identifies a pattern in which other Muslim, Middle Eastern students at NYIT-COM (Egyptian, Pakistani, Syrian) were subjected to disproportionate disciplinary measures compared to similarly situated non-Muslim students." Pl. Opp., pp. 11-12. Plaintiff fails to provide any details concerning the alleged discipline or any comparators to support this assertion. Am. Compl., ¶112. Plaintiff also claims that Muslim students were assigned to clinical rotations that lacked residency programs which impaired their ability to secure a "desirable residency placement[]." *Id*. at ¶109. Again, Plaintiff provides no details concerning this claim. While Plaintiff contends this impacted her ability to "match" with a residency, Plaintiff concedes that it was her dismissal from the Program due to her own conduct, not her rotation assignment, that impacted Plaintiff's ability to obtain a residency. *Id*. ¶¶109-11, 113-116. Plaintiff also makes the blanket assertion that NYIT expelled a Muslim Egyptian student in 2012, 10 years prior to Plaintiff's dismissal, and a Muslim Pakistani student in 2020, without providing any details surrounding the alleged basis for these students' expulsions. Am. Compl., ¶¶52, 90.

Plaintiff then argues that NYIT subjected Plaintiff to disparate treatment as compared to students of different religions and national origins. *Id*. at ¶¶81-82. For example, Plaintiff alleges that all thirty-eight international physicians in the Program, notably some of whom were Muslim and of Middle Eastern national origin, graduated from NYIT and obtained a residency except for Plaintiff, which

Plaintiff believes was discriminatory. *Id.* at ¶¶38, 115. Plaintiff also contends that she was subjected to disparate treatment as an unidentified student purportedly failed an unidentified number of clinical rotations and was not expelled from NYIT. *Id.* at ¶¶81-82. Plaintiff admits, however, that NYIT did not graduate an unidentified student for failing a clinical rotation, similar to Plaintiff. *Id.* at ¶53. As further alleged evidence of disparate treatment, Plaintiff alleges that a Christian student failed his first year at NYIT and was able to graduate. *Id.* at ¶51, 108. Another student purportedly cheated on an examination and was not expelled from NYIT. *Id.* at ¶84. Additionally, Plaintiff alleges that NYIT failed to expel a student for a report of sexual harassment against him, as well as failed to expel another student for failing a course. *Id.* at ¶¶53, 83.

Plaintiff makes these blanket, conclusory and speculative assertions that NYIT engaged in disparate treatment in a baseless attempt to allege a plausible claim of intentional discrimination. The Complaint, however, is entirely "devoid of factual allegations that would reasonably give rise to an inference" of intentional discrimination by NYIT because of Plaintiff's Islamic faith and Egyptian national origin. *Kajoshaj*, 543 Fed. Appx. at 14. Plaintiff fails to allege whether the alleged comparable students were similarly situated in all material respects to her, such as that the students were censured due to their behavior at a clerkship and then continued to engage in similar behaviors at another clerkship and were not dismissed from the Program. Am. Compl., ¶¶47, 50-53, 81, 82; Toren Aff., Ex. B. In fact, Plaintiff does not provide any factual details whatsoever concerning the alleged disparate treatment. Such naked allegations are insufficient to state a plausible claim of Title VI discrimination. *See Vengalattore*, 36 F.4th at 110; *Annabi*, 2024 WL 4252062 at *7; *Noakes v. Syracuse University*, 369 F.Supp.3d 397, 417 (N.D.N.Y. 2019); *Manolov v. Borough of Manhattan Community College*, 952 F.Supp.2d 522, 527 (S.D.N.Y. 2013); *Yang v. Ardizzone*, 540 F.Supp.3d 372, 380-381 (W.D.N.Y. 2021).

Plaintiff also does not allege any derogatory or discriminatory comments made by any NYIT decisionmakers from which to infer bias. *See Kajoshaj*, 543 Fed.Appx. at 14; *Manolov*, 952 F.Supp.2d at 527. Although Plaintiff alleges in the Complaint that an alleged staff member after Plaintiff's expulsion purportedly told Plaintiff "Return to "Egypt" where you came from," without providing the context in which this statement was made, such a statement does not "implicitly question[] her qualifications based on her foreign background." Am. Compl., ¶104. The statement in and of itself is not derogatory and does not imply a discriminatory bias as it is a fact that Plaintiff previously completed her medical studies and residency in Egypt.

Plaintiff cites two additional allegations that she contends support her claims. First, Plaintiff alleges that a student purportedly asked Plaintiff "if she should convert to Christianity because Islam is an evil religion" and the student's mother allegedly sent Plaintiff a bible. Am. Compl., ¶¶54-57. Plaintiff does not allege that this student worked for NYIT, that NYIT condoned such remarks or acts, that NYIT had any knowledge of the alleged remarks or acts by the student, or that Plaintiff reported the student's conduct to NYIT. Second, Plaintiff contends that NYIT demonstrated bias by the fact that "higher authorities" at NYITCOM made the decision to dismiss her from the Program. *Id*. at ¶41. In addition, the Vice Dean allegedly stated that NYITCOM could not graduate more students if it did not expel Plaintiff. *Id*. at ¶64. There is no basis to state that any of these alleged facts, even if true, have any connection to Plaintiff's national origin or religion. If anything, the fact that NYITCOM's highest level of administrators may have been involved in the decision to dismiss Plaintiff confirms how seriously NYIT takes such matters of expulsion.

Contrary to Plaintiff's assertion in her Opposition, the allegations in the Complaint are not "detailed, specific, and substantiated with factual support." Pl. Opp., p. 16. While the Complaint may be voluminous, there are absolutely no factual allegations in the Complaint that would be

"sufficient to 'nudge' the claim 'across the line from conceivable to plausible'" intentional discrimination. *Algarin v. NYC Health + Hospitals Corp.*, 678 F.Supp.3d 497, 508 (S.D.N.Y. 2023)(citing *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014)). Accordingly, Plaintiff's national origin and religious discrimination claims under Title VI should be dismissed.

### B. PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT ANY ALLEGED DISCRIMINATION WAS A SUBSTANTIAL AND MOTIVATING FACTOR IN NYIT'S DECISION TO DISMISS PLAINTIFF

Plaintiff's Title VI discrimination claims should also be dismissed as Plaintiff has failed to plausibly allege that the alleged discrimination was a substantial and motivating factor in NYIT's decision to dismiss Plaintiff from the Program. To support this element of her claim, Plaintiff relies on the same conclusory, speculative assertions that she and other Muslim students were treated less well than non-Muslim students without providing any factual support for such claims, which is therefore insufficient to set forth a plausible claim for discrimination under Title VI. *See* Point I(A), *supra*. Plaintiff also references the alleged timing between her "disciplinary proceedings" and "her prior statements about discrimination in Southern residency programs" as alleged evidence of discrimination. Pl. Opp., p. 12. As discussed, *infra*, Plaintiff alleges that she mentioned to a preceptor at Catholic Health System (notably not NYIT) in September 2020, 1.5 years before her dismissal from NYIT, that she had been previously dismissed from a residency program during her time spent in the South. Am. Compl., ¶48. Plaintiff does not allege that she informed anyone at NYIT of the alleged discrimination at the Southern Schools.

Plaintiff also contends that her dismissal from the Program two months prior to graduation after Plaintiff allegedly completed her graduation requirements serves as evidence of discrimination. Pl. Opp., p. 12. Contrary to Plaintiff's assertion, Plaintiff did not complete her graduation requirements as it is undisputed that Plaintiff failed her final clerkship at Cedar Sinai for performance and professionalism issues. Am. Compl., ¶¶27, 68, 72; Toren Aff., Ex. B. In March 2022, NYIT dismissed Plaintiff from the

Program as Plaintiff continued to exhibit unprofessional behavior at Cedar Sinai after having been censured about similar professionalism issues at Catholic Health System. *Id.* at ¶¶13-14, 24, 27, 33, 59-67, 68, 72, 117; Toren Aff., Ex. B. In fact, Catholic Health System prohibited Plaintiff from participating in any further clerkships at its sites due to Plaintiff's conduct. *Id.* at ¶¶27, 59-60; Toren Aff., Ex. B. While Plaintiff might contend that these were "minor infractions" at Catholic Health System, this does not negate the fact that a hospital unrelated to NYIT complained about Plaintiff's professionalism and refused to allow Plaintiff to complete any other clerkships within its network of hospitals. In addition, Plaintiff's contention that she should have had the opportunity to "remediate" any performance issues at Cedar Sinai does not negate the fact that another hospital unrelated to NYIT deemed Plaintiff's performance at the clerkship to warrant a failing score.

Plaintiff's dismissal from the Program due to the two incidents at her clerkships at unrelated institutions, which undisputedly was the basis for NYIT's decision, "provide[s] a more plausible explanation for" NYIT's decision to dismiss Plaintiff from the Program than national origin and religious discrimination. *See Kajoshaj*, 543 Fed. Appx. at 14-15; Toren Aff., Ex. B. Plaintiff's conclusory and speculative allegations in the Complaint without any factual support simply do not satisfy the pleading requirements necessary to state a claim under Title VI, requiring dismissal of the Complaint. *See Vengalattore*, 36 F.4th at 110.

## II. PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED

### A. PLAINTIFF DOES NOT ASSERT A RETALIATION CLAIM IN THE COMPLAINT

NYIT reiterates its position that any alleged retaliation claim in the Complaint should be dismissed as Plaintiff does not contend in the Complaint that she is specifically asserting a claim of retaliation under Title VI. As the U.S. Supreme Court has stated: "Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2);

they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). Although the Complaint makes references to Plaintiff being retaliated against, the Complaint is clear that "[t]his action is brought to remedy discrimination on the basis of national origin and religious discrimination pursuant to Title VI…" Am. Compl., ¶¶1, 21, 34, 40, 47, 59. Moreover, Plaintiff contends that her alleged damages were "a direct and proximate result of Defendants' unlawful national origin/religious discrimination, which caused her dismissal…" *Id.* at ¶133. This is not the case of the petitioners in *Johnson* who failed to reference the appropriate statute. *Johnson*, 574 U.S. at 11-12. Here, nowhere within the Complaint does Plaintiff actually allege that she is asserting a claim of retaliation against NYIT in addition to her discrimination claims to place the Court and NYIT on notice that this is a claim that Plaintiff plans to pursue. Significantly, Plaintiff had the opportunity to amend the Complaint to add a claim of retaliation under Title VI, yet failed to do so. *See* Dkt. 19, 24.

### B. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF RETALIATION UNDER TITLE VI

In the event the Court concludes that Plaintiff asserted a retaliation claim under Title VI, Plaintiff's claim should be dismissed for failure to state a claim. "To plead a claim for retaliation under Title VI, a plaintiff must "plausibly allege: '(1) participation in a protected activity *known to the defendants*…'" *Bloomberg v. New York City Department of Education*, 410 F.Supp.3d 608, 624 (S.D.N.Y. 2019)(quoting *Diaz v. City Univ. of New York*, No. 15 Civ 1319 (PAC) (MHD), 2016 WL 958684, at *2 (S.D.N.Y. Mar. 8, 2016))(emphasis added). Plaintiff misleads the Court in her Opposition by omitting a critical element of a retaliation claim under Title VI – that the alleged protected activity must be known to NYIT. Pl. Opp., p. 16. As Plaintiff does not allege in the Complaint that NYIT was aware of the alleged protected activity, Plaintiff fails to plausibly allege a retaliation claim under Title VI, requiring dismissal of this claim.

- 8 -

In her Opposition, Plaintiff alleges that "Plaintiff's protected activity includes her prior complaints and lawsuits about racial and national origin discrimination in residency programs in the Southern U.S." Pl. Opp., p. 17. Plaintiff further alleges that she "complained and spoke out about systemic bias against international medical graduates (IMGs), Muslims, and Middle Eastern students…and her inquiries and complaints to senior figures in the medical education establishment, such as the ACGME, regarding unjust treatment." *Id*. A review of the Complaint confirms that Plaintiff does not allege that she reported or communicated any alleged "discrimination in residency programs," "systemic bias against international medical graduates," or any other alleged protected activity *to NYIT*. Rather, Plaintiff contends that she: (1) "shared her hardship with the Senator of Mississippi" (Am. Compl., ¶20); (2) sent an email to ACGME (Am. Compl., ¶30); and (3) "shared her prior dismissal from residency to one of the preceptors of the Catholic Health System in September 2020," 1.5 years before Plaintiff's dismissal from NYIT. (Am. Compl., ¶48; Toren Aff., Ex. B). As Plaintiff does not allege that NYIT had any knowledge of her alleged protected activity, NYIT could not have harbored any retaliatory animus to retaliate against her in violation of Title VI.

Even if Plaintiff plausibly alleges in the Complaint that she engaged in protected activity of which NYIT was aware, which NYIT denies, Plaintiff has not plausibly alleged a causal connection between any such alleged protected activity and Plaintiff's dismissal from NYIT. *See Verdi v. City of New York*, 306 F.Supp.3d 532, 542-543 (S.D.N.Y. 2018). Plaintiff has provided absolutely no link between any unidentified complaint about discrimination by the Southern Schools and NYIT's decision to dismiss Plaintiff from the Program. To support her claim, Plaintiff contends in her Opposition that unidentified "disciplinary proceedings began immediately after Plaintiff disclosed her prior expulsion and raised concerns about healthcare disparities affecting Muslim and Middle Eastern IMGs" to unidentified parties. Pl. Opp., p. 17. Plaintiff also contends that "Plaintiff was expelled following coordination

- 9 -

between NYIT-COM and external parties (such as the ACGME and Southern Hospitals) with vested interests in silencing her complaints" and that "mentors admitted that her dismissal came from 'higher authorities' who were allegedly retaliating for Plaintiff's past lawsuits and advocacy." *Id*. at p. 18. Plaintiff further contends that NYIT, notably through third-parties unaffiliated with NYIT, offered her "deals" to withdraw from NYIT, which NYIT denies. *Id*.

Plaintiff's "assertions read more like a conspiracy theory than a plausible allegation" of retaliation. *Id*. at 544. As discussed above, Plaintiff was removed by one clinical rotation due to her professionalism, among other reasons, and, as a result, censured by NYIT. Thereafter, Plaintiff failed a second clinical rotation due to performance issues. As Plaintiff continued to exhibit a pattern of unprofessional behaviors at her clinical clerkships, despite being censured concerning such behaviors, NYIT made the decision to dismiss Plaintiff from the Program. Toren Aff., Ex. B. Plaintiff's failure to plausibly allege a causal connection between any alleged protected activity and her dismissal from NYIT requires dismissal of Plaintiff's retaliation claim.

## CONCLUSION

For the reasons set forth in NYIT's moving papers and herein, NYIT respectfully requests that this Court dismiss the Corrected Amended Complaint in its entirety with prejudice, and award NYIT such other relief as this Court deems just and proper.

Dated:  New York, New York  
       June 12, 2025

Respectfully Submitted,  
CLIFTON BUDD & DeMARIA, LLP  
*Attorneys for Defendant NYIT*

By: _____*Stefanie Toren*_____  
Douglas P. Catalano  
Stefanie R. Toren