UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARWA BADR,

                                        Plaintiff,

          -against-

NEW YORK INSTITUTE OF TECHNOLOGY,
NYIT-COM COLLEGE OF OSTEOPATHIC
MEDICINE,

                                        Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

3/31/2026 11:46 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
24-cv-05333 (JMA) (JMW)

**AZRACK, United States District Judge:**

On July 30, 2024, Plaintiff Marwa Badr brought this action against Defendants New York Institute of Technology ("NYIT") and NYIT-COM College of Osteopathic Medicine ("NYIT-COM") (together, the "Defendants"). On November 22, 2024, Plaintiff filed an Amended Complaint alleging violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d) et seq. ("Title VI"), and "any other cause(s) of action that can be inferred from the facts set forth herein." (ECF No. 19 ("Am. Compl.").) Presently before the Court is Defendants' motion to dismiss for failure to state a claim. (ECF No. 28.) The Court presumes familiarity with the background of this case.

In a Report and Recommendation issued on December 10, 2025 (the "R&R"), Magistrate Judge James M. Wicks recommended that Defendants' motion to dismiss be granted. (ECF No. 34.) Plaintiff filed objections to the R&R on January 13, 2026. (ECF No. 36). On February 12, 2026, Defendants filed a response to Plaintiff's objections. (ECF No. 37.) For the reasons stated below, the Court ADOPTS the R&R in its entirety and dismisses this case.

1

## I.     LEGAL STANDARDS

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see also Fed. R. Civ. P. 72(b)(3) (similar); United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Additionally, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted).

## II.     DISCUSSION

Plaintiff objects to various portions of the R&R. After conducting a de novo review of the full record and applicable law, the Court agrees with Judge Wicks's well-reasoned and thorough recommendations and rejects Plaintiff's objections for the reasons described below.

Plaintiff objects to Judge Wicks's conclusion that the Amended Complaint fails to state a plausible claim of discrimination based on national origin, religion, or any "intertwined" identity. (See R&R at 7–12.) Plaintiff's objections reiterate allegations in her Amended Complaint that refer to hurtful comments made by peers and faculty members with no role in Defendants'

disciplinary process. (ECF No. 36 at 13–14.) She also reiterates her conclusory allegations that non-Muslim students received lesser disciplinary sanctions for allegedly comparable misconduct. (Id. at 15–18.) Judge Wicks considered these same allegations and properly concluded that "Plaintiff advances no facts suggesting that NYIT-COM's actions were actually motivated by her religion or her national origin, rather than legitimate concerns regarding performance and professionalism." (R&R at 12 (citing Kajoshaj v. New York City Dep't of Educ., 543 F. App'x 11, 14 (2d Cir. 2012))).

Plaintiff also objects to Judge Wicks's conclusion that the Amended Complaint fails to state a plausible retaliation claim. (See R&R at 12–14.) Plaintiff argues that she alleged facts sufficient to support an inference that she was expelled by NYIT in retaliation for complaints she made about mistreatment of Middle Eastern and Muslim students at her prior school. (ECF No. 36 at 19–21.) However, as Judge Wicks correctly concluded, Plaintiff's claim fails because "there are no allegations that NYIT was aware of any purported or protected activity or that she ever reported such activity to NYIT." (R&R at 12.)

### III.    CONCLUSION

The Court therefore rejects Plaintiff's objections and ADOPTS the R&R as the opinion of the Court. Accordingly, the Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:    March 31, 2026
          Central Islip, New York

_____
/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

3